IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| David L. Deem & Jaime L. Deem, | : | |
| Plaintiffs | : | Civil Action 2:13-cv-01160 |
| v. | : | Judge Watson |
| Village of Pomeroy, Ohio, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## Report and Recommendation

This matter is before the Magistrate Judge on plaintiffs David L. Deem and Jamie L. Deem's December 18, 2013 motion to remand their claim for a petition for a writ of mandamus, which seeks to compel the commencement of an appropriations proceeding under Ohio law to provide reasonable compensation for defendants' taking of their real property and residence, and their claim seeking compensation for the deprivation of their real property and residence without being afforded procedural due process required by the Fourth Amendment (doc. 12).

### I.     Allegations in the Amended Complaint

The amended complaint makes the following allegations. Plaintiffs David and Jaime Deem own the real property and residence at 148 Butternut Avenue, Pomeroy, Ohio. In October 2011, the residence suffered damage when a water line leak caused a mud slide to run downhill and strike it. The Pomeroy water department had been

1

notified about the leak several days before, but ignored it. When the mud slides began, the water department was unsuccessful for a number of hours in turning off the water. The water department also refused to repair and stabilize the hillside or to remove trees that caused further damage to the residence. Another hill slide took place in late November 2011, causing major damage to the residence and making it uninhabitable. Among the claims pleaded is a claim under 42 U.S.C. § 1983 for deprivation of property without due process, deprivation of substantive due process, and denial of equal protection.

Plaintiffs' claim for deprivation of property without due process alleges that Laurie O'Malley, Hylant and The Ohio Plan acted under color of state law by usurping from the Village its authority and obligations to govern and provide for its citizens, and making or directing decisions for the Village officials and employees with respect to the governance of its citizens. This included the Village's ultimate decision to deny the claim of plaintiffs, which Laurie O'Malley, Hylant, The Ohio Plan and the Does Defendants orchestrated.

Plaintiffs' claim for deprivation of substantive due process alleges that the Village, Laurie O'Malley, Hylant and The Ohio Plan and the Does acted in a way that shocks the conscience by conspiring to withhold consent for repair and stabilization of the hillside thereby forcing plaintiffs from their home, refusing to pay for their damages, causing loss to the value and use of the Butternut Residence, causing plaintiffs to be deprived of the use and enjoyment of their real property and the home

they had established, inflicting mental suffering and distress upon them, thereby depriving the Deems of substantive due process guaranteed by the Fourteenth Amendment.

Plaintiffs' claim for denial of equal protection of the laws alleges that the Village, Laurie O'Malley, Hylant and The Ohio Plan and the Does violated the Deems' right to equal protection by conspiring to withhold consent for repair and stabilization of the hillside thereby forcing plaintiffs from their home, refusing to pay for their damages, causing loss to the value and use of the Butternut Residence, causing plaintiffs to be deprived of the use and enjoyment of their real property and the home they had established, inflicting mental suffering and distress upon them while choosing to pay and indemnify in full the Museum Annex located next door to the real property and home of plaintiffs.

## II.     Procedural history

On October 18, 2013, plaintiffs filed a petition for writ of mandamus and complaint in the Meigs County Court of Common Pleas. On November 18, 2013, defendants removed this action based on plaintiffs' Section 1983 claims. Plaintiff argues, however, that their complaint contains two claims for which this Court lacks original and supplemental jurisdiction. Plaintiffs maintain that under 28 U.S.C. § 1441(c)(2), the Court should sever the claims and remand them to the state court from which the action was removed.

**III.     Discussion**

Plaintiffs argue that this Court lacks subject matter jurisdiction over their petition for writ of mandamus to compel the Village of Pomeroy to pay them just compensation for the taking of their property. Because they have not yet adjudicated the mandamus action, their procedural due process claim is not ripe. *Coles v. Granville*, 448 F.3d 853, 860-61 and 864 (6th Cir. 2006).

Defendants agree that plaintiffs' procedural due process claim is not ripe; and they further argue that all of plaintiffs' claims under 42 U.S.C. § 1983 are not ripe because they are all derived from the alleged unconstitutional taking of plaintiffs' property without compensation.

In *Williams County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), the Supreme Court held that takings claims are not ripe until (1) the municipality reached a final decision regarding the application of the property at issue; and (2) the owner has sought redress of the alleged constitutional deprivation through available state remedies. The Fifth Amendment "does not proscribe the taking of property; it proscribes taking without just compensation. . . . if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Id*. at 194–95.

Here, plaintiffs have not met the second prong of the *Williamson County* test. Rather, plaintiff sought to avail himself of the state remedy by filing an action for a writ

of mandamus. "Procedural due process and equal protection claims that are ancillary to taking claims are subject to the same *Williamson* ripeness requirements." *McNamara v. City of Rittman*, 473 F.3d 633, 639 (6th Cir. 2007)(citing *Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002) *and Bigelow v. Michigan Dep't of Natural Res.*, 970 F.2d 154, 159-60(6th Cir. 1992)). Because plaintiffs' claims for equal protection and substantive due process are not independent of their underlying takings claim, they are subject to the same ripeness analysis as the procedural due process claim. *See Hensley v. City of Columbus*, 557 F.3d 693 (6th Cir. 2009)(citing *McNamara*, 473 F.3d at 639 n. 2).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Ripeness is determinative of jurisdiction. *Bigelow*, 970 F.2d at 157 ("Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed.") Because the federal questions are not ripe, this Courts lack subject matter jurisdiction over plaintiffs' claims, and this case should be remanded:

> Although it appears counterintuitive to remand federal claims to state court, Plaintiff is correct. Under 28 U.S.C. § 1447(c), this court "shall" remand the case if the court lacks subject matter jurisdiction; and ripeness is a jurisdictional requirement. *See Bigelow*, 970 F.2d at 157. *See, e.g., Smith v. Wisconsin Dept. of Agriculture*, 23 F.3d 1134, 1142 (7th Cir.2004) ("Because Lundeen's claim is not yet ripe, the district court lacked subject-matter jurisdiction and was required under § 1447(c) to remand the claim to the state court from which it was removed."); *Coyne v. American Tobacco Co.*, 183 F.3d 488, 496 (6th Cir.1999) (holding district court must remand case to state court where it determined that the plaintiff lacked standing). The Seventh Circuit has explained:

5

> While some consider it odd that a state court might have the authority to hear a federal constitutional claim in a setting where a federal court would not, it is clear that Article III's "case or controversy" limitations apply only to the federal courts. Perhaps, were the claim remanded to Wisconsin state court, it would there be dismissed on state ripeness or standing grounds. But again, § 1447(c) says that a case removed to federal court "shall be remanded" to the state court if it is discovered that the federal court lacks subject matter jurisdiction. Wisconsin's doctrines of standing and ripeness are the business of the Wisconsin courts, and it is not for us to venture how the case would there be resolved.

*Smith*, 23 F.3d at 1142 (citations omitted).

*Oakland 40, LLC v. City of South Lyon*, No. 10-1446, 2011 WL 1884188, at * 2-3 (E.D. Mich., May 18, 2011).

### IV. Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that this case be REMANDED to the Meigs County Court of Common Pleas.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981);

*United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

                                                            s/Mark R. Abel
                                                            United States Magistrate Judge