UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David L. Deem, *et al.*,

      Plaintiffs,

      v.

Village of Pomeroy, Ohio, *et al.*,

      Defendants.

Case No. 2:13–cv–1160

Judge Michael H. Watson

## OPINION AND ORDER

David L. Deem and Jamie L. Deem ("Plaintiffs") object to the Magistrate

Judge's Report and Recommendation recommending remand of all claims to

state court. For the following reasons, the Court **OVERRULES** Plaintiffs'

objections.

### I.    FACTS

#### A. Background

The following facts are taken from Plaintiffs' Amended Complaint, ECF No.

16, and Plaintiffs' Proposed Second Amended Complaint, ECF No. 37-1.

Plaintiffs own the real property and residence at 148 Butternut Avenue,

Pomeroy, Ohio. In October 2011, the Pomeroy water department and the Village

of Pomeroy ("Village") were notified of a water line leak occurring at the

residences located up the hill from Plaintiffs' residence.

Shannon Spaun, an employee of the Pomeroy Water Department, was shown the water line leak but took no action. On October 24, 2011, the water leak caused a hillslide. Village officials and employees of the Pomeroy water department responded. A water department employee operating a backhoe caused the leaking water pipe to break at a new location about midway up the hill behind Plaintiffs' property. That leak caused water and mud to begin flowing at and into Plaintiffs' home, causing damage.

The Village refused to repair and stabilize the hillside or remove damaged trees after the hillslide, and the hillside continued to deteriorate. Then Mayor of the Village, John Musser ("Mayor Musser"), concluded that Shannon Spaun should have located and fixed the leak when she saw it and that the Village was responsible for the hillslide and resulting damage to Plaintiffs' property. Mayor Musser told Laurie O'Malley, a claims adjustor for Hylant Administrative Services, LLC ("Hylant") and/or The Ohio Plan, Inc. ("The Ohio Plan"), that the Village was responsible for the leaking pipeline and the hillslide. Hylant and The Ohio Plan provide the Village with municipal "insurance-type" coverage.

On November 17, 2011, Laurie O'Malley ("O'Malley") wrote a letter indicating that the broken water pipeline "likely played a part" in the hillslide and that Hylant and The Ohio Plan would cover the resulting damages to buildings if not paid by the homeowner's insurance.

On November 23, 2011, another hillslide occurred, causing extreme damage to Plaintiffs' residence and rendering it uninhabitable. No efforts were

made to repair and stabilize the hill, and mud and water continues to slide down the hill and against Plaintiffs' residence, causing further damage.

On November 29, 2011, a Village official told Plaintiffs the Village had received a letter from O'Malley, Hylant, and/or The Ohio Plan stating that insurance coverage would be provided only for damage to their home caused by the first slide if that damage was not paid for by Plaintiffs' insurer.

On or about December 13, 2011, O'Malley stated the hillside had been slipping gradually over time, starting before the first hillslide, and rain caused the two hillslides. Despite this, Mayor Musser and Village Solicitor Christopher Tenoglia continued to tell O'Malley that the Village was responsible for both hillslides.

On December 20, 2011, O'Malley wrote that Hylant and The Ohio Plan's investigation would continue and assured the Village the investigation would aid in determining whether it was liable for the hillside.

From October 24, 2011, until December 31, 2011, Mayor Musser and all Village Council Members, except Ruth Spaun, Shannon Spaun's mother, supported Plaintiffs' claims, believing Plaintiffs' losses from both hillslides were caused by the leaking water pipeline for which the Village was responsible.[1]

---

[1] Ohio Rev. Code § 2744.02 provides for circumstances under which political subdivisions may be held liable for damages for "injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function . . . ." Ohio Rev. Code § 2744.02(B).

On or about January 1, 2012, Mayor Mary McAngus, a confidant of Ruth Spaun, took office.[2] She immediately replaced the Village Solicitor, Christopher Tenoglia. Plaintiffs aver that soon thereafter, then Mayor McAngus, Ruth Spaun, and Shannon Spaun undertook to create one or more pretexts for the cause of the two hillslides. Plaintiffs aver that Mayor McAngus, Ruth Spaun, and Shannon Spaun adopted O'Malley's conclusion that the hillside had been unstable for a long period of time and that heavy rains caused the hillside to slip. They teamed up with O'Malley, Hylant, and The Ohio Plan to fabricate a story about the cause of the hillslides and pressured Village officials into not challenging their efforts.

On or about March 15, 2012, O'Malley wrote a letter stating that Hylant and/or The Ohio Plan were not responsible for any of Plaintiffs' damages, "citing heavy rainfall, natural water accumulation, soil and foliage on the hillside that had been shifting gradually over a very long period of time, all leading to the break in the water line immediately behind the Butternut Residence."

The Village Council never held a meeting to vote on Plaintiffs' claims against the Village for the damages to their home and property, and those claims remain unaddressed. Additionally, no appropriations proceedings have taken place.

Based on these and other allegations, Plaintiffs filed the instant action against the Village, its current Mayor, Ruth Spaun, other various members of the

---

[2] May McAngus has since been replaced.

Village Council, Shannon Spaun, other members of the Village Water Department, Hylant, The Ohio Plan, and O'Malley.[3]

## B. Procedural History

Plaintiffs filed this case in the Meigs County Court of Common Pleas on October 18, 2013, asserting the following claims: a petition for a writ of mandamus directing the Village to commence appropriations proceedings to address the taking of their property; negligence of the Village and its employees; various other state law claims; and the deprivation of constitutional rights under 42 U.S.C. § 1983. `

On November 18, 2013, Defendants removed the case to this Court based on Plaintiffs' § 1983 claims. ECF No. 1.

On December 18, 2013, Plaintiffs filed their first motion to amend their complaint. ECF No. 11. That same day, they filed a motion to remand, requesting the Court sever and remand two of their claims on the ground that the Court lacks original or supplemental jurisdiction to hear them. ECF No. 12. Those two claims are: (1) Plaintiffs' petition for a writ of mandamus seeking to compel the commencement of an appropriations proceeding under Ohio law; and (2) Plaintiffs' § 1983 claim for deprivation of property without due process.

On December 30, 2013, the Court granted Plaintiffs' first motion to amend. ECF No. 14.

---

[3] Plaintiffs' proposed second amended complaint seeks to add Mayor McAngus as a defendant. Second Mot. to Amend. Compl. 2, ECF No. 37.

On March 19, 2014, Plaintiffs moved to amend their complaint a second time. ECF No. 37. That motion remains pending.

On March 25, 2014, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending the Court deny Plaintiffs' motion to sever and instead remand all claims. ECF No. 38. Plaintiffs now object. ECF No. 40.

## II. STANDARD OF REVIEW

If a party objects within the allotted time to an R&R, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The motion at issue is one to remand this case to state court pursuant to 28 U.S.C. §§ 1441(c)(2) & 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court shall remand the case. 28 U.S.C. § 1447(c). Additionally, upon removal, the district court shall sever from the action all claims not within the original or supplemental jurisdiction of the district court and shall remand the severed claims to the State court from which the action was removed. 28 U.S.C. § 1441(c)(1)(B)–(2).

## III. ANALYSIS

Plaintiffs allege the Village's actions and omissions resulted in a taking of their property for which they are entitled to just compensation under the takings clauses of the United States and Ohio Constitutions. Consequentially, they seek a writ of mandamus compelling the Village to commence appropriations proceedings. Plaintiffs also bring claims under 42 U.S.C. § 1983 for deprivation of property without procedural due process, deprivation of substantive due process, denial of equal protection, and conspiracy.[4]

Although Plaintiffs sought remand of their takings and procedural due process claims only, the Magistrate Judge recommended remanding all of Plaintiffs' claims. He specifically concluded that: (1) Plaintiffs' takings claim is not ripe for adjudication in federal court because they have not yet sought redress through the state court; and (2) all of Plaintiffs' § 1983 claims are ancillary to the takings claim and are thus also not ripe for adjudication in federal court. R&R 4–5, ECF No. 12.

Plaintiffs object to the second finding, arguing that their § 1983 claims for equal protection, substantive due process, and conspiracy are independent of their underlying takings claim.

Defendants indicate that Plaintiffs' objections are based on the allegations in the proposed second amended complaint, which the Court has not yet granted

---

[4] For purposes of this Order, the Court considers the allegations in Plaintiffs' proposed second amended complaint.

leave to file. Accordingly, Defendants argue, the Court should only consider the allegations in the first amended complaint, which they maintain do not state federal claims independent of the takings claim.

Even considering the allegations in the proposed second amended complaint, the Court agrees with the Magistrate Judge that all of Plaintiffs' § 1983 claims are ancillary to the takings claim and are therefore unripe for adjudication in this Court.

A Fifth Amendment takings claim is not ripe for adjudication unless: (1) the relevant government entity has reached a final decision regarding the property at issue, and (2) the property owner has sought compensation through the procedures the state has provided for doing so. *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186, 194 (1985). "Similarly, claims for violations of substantive due process, procedural due process, and equal protection which are ancillary to a takings claim are also subject to this ripeness requirement." *Monfort Supply Co. v. Hamilton Cnty. Bd. of Zoning Appeals*, No. 1:04CV145, 2006 WL 3692533, at *8 (S.D. Ohio Dec. 12, 2006) (citation omitted). "Factors to consider in determining whether the due process and equal protection claims are truly independent claims, or are ancillary to the takings claim are whether the claims stem from an immediate and concrete injury, arise from the same nucleus of facts as the takings claim, or are an attempt to circumvent the ripeness requirement." *Id.* at *8 (citations omitted). The Court will consider the nature of each § 1983 claim separately.

## A. Substantive Due Process

Plaintiffs present two grounds for their substantive due process claim in their proposed second amended complaint. They first contend that O'Malley, Hylant, The Ohio Plan, the Village, Mayor McAngus, Ruth Spaun, Shannon Spaun, and John/Jane Does (collectively, "Village Defendants")[5] deprived them of their fundamental liberty interest in establishing a family home by usurping Village affairs and preventing Village officials from addressing their claims for compensation for the damages caused by the Village's negligence.[6]

Plaintiffs contend this claim is not ancillary to their takings claim because it is not dependent on any of the same facts. They differentiate the two claims as follows. Their takings claim is based on the injury they may suffer if they are not adequately compensated for the taking of their property, which occurred in 2011.

[5] The Court recognizes that Mary McAngus is not a defendant in this case, as the Court has not ruled on Plaintiffs' motion for leave to file their seconded amended complaint. However, for simplicity, the Court calls the group of which Mary McAngus is a part "the Village Defendants."

[6] Plaintiffs specifically allege:

> The conspirators deprived Jamie and David of their fundamental right to liberty, which is guaranteed by the substantive due process clause of the Fourteenth Amendment and the Ohio Constitution through interdiction by which they (i) prevented the majority of Village Council who were in favor of allowing the claims of Jamie and David from acting (ii) assumed power and control over the affairs of the Village, thereby preventing Jamie and David from receiving prompt, fair and adequate compensation as recompense for the fault and negligence of the Village and its employees. That compensation was necessary to allow them to re-establish their family home, a well-established right of liberty. Thus, the conspirators prevented Jamie and David from exercising their liberty rights to reestablish their home.

Proposed Second Amend. Compl. ¶ 126, ECF No. 37-1.

Proposed Second Amend. Compl. ¶ 125, ECF No. 37-1.[7] In contrast, their

substantive due process claim is based on the injuries caused by the Village

Defendants' usurping of the government, the Village Defendants' renunciation of

the Village's negligence, and the denial of Plaintiffs' claims for compensation,

which occurred in 2012. *Id.* ¶¶ 125–26.[8]

Framed this way, the two claims appear to be independent of each other.

Plaintiffs' substantive due process claim is based on the allegation that the

Village's negligence caused damage to Plaintiffs' property, the Village owed

Plaintiffs compensation for that damage, and the usurping of the government to

prevent such compensation violated substantive due process.  Plaintiffs clarify

that in contrast, their takings claim is not based on the alleged negligence of

Village employees.  Obj. 2, ECF No. 40.  Rather, their takings claim is that the

Village is responsible for stabilizing the hillside, the failure to do so has caused

---

[7] The essence of Plaintiffs' takings claim is: "(i) the Village is responsible for stabilizing and repairing the hillside; (ii) the village has attempted to do so without success because Plaintiffs' residence prevents it from doing so; (iii) in order to stabilize and repair the hillside, the Village must take and send heavy equipment onto Plaintiffs' real property, which would include the destruction of Plaintiffs' residence; and (iv) even though the Village has not yet physically taken Plaintiffs' property, the taking is a *fait accompli* . . . ."  Obj. 3, ECF No. 40.

[8] The essence of Plaintiff's substantive due process claim is: (1) despite what the Village Defendants state and have forced other officials to believe, the Village and its officials and employees were negligent in their dealing with the hillslide; (2) the Village was required to consider Plaintiffs' claims for compensation as a result of that negligence; (3) but the Village never did because the Village Defendants usurped the government, wrongly renounced the Village's negligence, and convinced Village officials to oppose Plaintiffs' claims for compensation.

further damage to Plaintiffs' home, and the Village has no choice but to appropriate Plaintiffs' property in order to stabilize the hillside.

These claims could, assuming they were otherwise proper, stand independent of each other.  Plaintiffs can allege that the Village Defendants wrongfully usurped the government and denied their claims for compensation based on the Village's negligence without alleging that the Village's failure to stabilize the hillside constituted a taking.

Examined more closely, however, the two causes of action amount to the same basic claim: Defendants' actions prevented Plaintiffs from receiving fair compensation for the damages to their property caused by the Village.[9]  Both claims arise out of the same nucleus of operative facts—the events surrounding the hillslide—and involve the same basic issues of whether the Village owes Plaintiffs compensation for their property and whether Defendants violated Plaintiffs' rights by preventing such compensation.

Although the substantive due process claim is based on the Village Defendants' alleged usurping of the government instead of on the Villages' negligence, usurping the government in and of itself is not a violation of Plaintiffs' substantive due process guarantees.  What makes the Village Defendants' actions an alleged violation of Plaintiffs' due process rights is the fact that the

---

[9]While Plaintiffs assert their substantive due process claim against the Village, Former Mayor McAngus, Ruth Spaun, Shannon Spaun, the Does, Laurie O'Malley, Hylant, and The Ohio Plan, Plaintiffs' takings claim appears to be directed at the Village Mayor and Counsel, and likely the Village itself.

usurping caused an injury—it *prevented Plaintiffs from receiving compensation for the damages to their property* caused by the Village, which in turn prevented Plaintiffs from establishing their family home. That is the same ultimate injury that the takings claim seeks to address: the lack of compensation for the damages to Plaintiffs' property for which the Village is liable. Maintaining the substantive due process claim in federal court would therefore allow Plaintiffs to proceed in federal court on a claim based on the lack of compensation for damages to their property when their takings claim, which seeks to address the same underlying injury, is unripe. This would effectively circumvent the *Williamson County* ripeness requirement. This district's case law prohibits such an outcome. As a Court of limited jurisdiction, this Court must be mindful not to venture into the purview of state courts.

Plaintiffs' second ground for their substantive due process claim is the allegation that the Village Defendants' actions, namely hijacking the Village government and denying the Village's responsibility for the damage to their property, shocked the conscious.[10] For the same reasons outlined above, the Court finds this claim to be ancillary to Plaintiffs' takings claim.

---

[10] Plaintiffs specifically allege:

> The Village, Former Mayor McAngus, Ruth Spaun, Shannon Spaun, the Does, Laurie O'Malley, Hylant, and The Ohio Plan acted collectively and conspiratorially in a way that shocks the conscience in a constitutional sense by hijacking the Village government for the purposes of allowing Ruth Spaun to protect Shannon Spaun from his negligence and wrongdoing and giving Laurie O'Malley, Hylant and The Ohio Plan the

In sum, Plaintiffs' substantive due process claim is ancillary to their takings

claim. As such, it is unripe for consideration in this Court, and the Magistrate

Judge did not err in recommending its remand.[11]

## B. Equal Protection

Plaintiffs argue the Village Defendants violated their equal protection rights

under the Fourteenth Amendment to the United States Constitution by:

> conspiring and commandeering the Village government in order to withhold consent for repair and stabilization of the hillside by the Village thereby preventing [Plaintiffs] from reestablishing their family home, refusing to pay [Plaintiffs] a sufficient and adequate sum for their damages to allow them to reestablish their home, and refusing to pay [Plaintiffs] for their losses while choosing, without rationale basis or any basis at all, to pay and indemnify in full the Museum Annex located next door to the real property and home of [Plaintiffs], even though the same events for which the Village and its employees were negligently responsible caused damages to the Museum Annex and the property and home of [Plaintiffs].

---

opportunity to claim (1) there was no water leak and thus no negligence by Village employees, even though materials in their claim file confirmed otherwise, (2) the hillside historically had been unstable, even though there certainly had been no hill slide in the 25 years prior to 2011 during the time Jamie had owned the Butternut Residence and property, and (3) the 2011 landslides were due to a period of very high rainfall, even though precipitation records show that in many years in the past 50 years, Pomeroy, Ohio had experienced periods of very high rainfall without landslides resulting therefrom on the hillside behind the 100-year old Butternut Residence. Most outrageous however was the seizure of the Village governmental, legislative and financial authority and power to accomplish these goals.

Proposed Second Amend. Compl. ¶ 127, ECF No. 37-1.
[11] While unclear, it appears that Plaintiffs may also be alleging that the Village's failure to address its claims for compensation for the Village's negligence, which is due to the Village Defendants' usurping of the government, is part of what constitutes the alleged taking. *See* Second Amend. Compl. ¶¶ 87–91. To the extent that is the case, the substantive due process claim is even more clearly ancillary to the takings claim.

Proposed Second Amend. Compl. ¶ 130, ECF No. 37-1. Like the substantive due process claim, this claim arises out of the same nucleus of operative facts and seeks to redress the same ultimate injury as the takings claim: the lack of adequate compensation for the damages caused to Plaintiffs' property. Accordingly, for the same reasons as outlined above, the Court finds Plaintiffs' equal protection claim unripe.

### C. Conspiracy

Plaintiffs aver the Village Defendants conspired to violate their substantive due process and equal protection rights. Because the underlying substantive due process and equal protection claims are unripe, the claim for a conspiracy to commit such violations is likewise unripe.

In sum, Plaintiffs' § 1983 claims are not ripe for consideration in federal court, and the Magistrate Judge did not err in recommending that they be remanded. *See Monfort*, 2006 WL 3692533, at *8 ("'Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction . . . .'") (citations omitted). Nor did the Magistrate Judge err in recommending that Plaintiffs' state law claims be remanded, as absent jurisdiction over Plaintiffs' federal claims, the Court is not required to exercise supplemental jurisdiction over Plaintiffs' state law claims.

### IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiffs' objections

and **ADOPTS the R&R**.  Accordingly, Plaintiffs' motion to remand, ECF No. 12, is **GRANTED IN PART AND DENIED IN PART**, and Plaintiffs' first amended complaint is hereby **REMANDED** to the Meigs County Court of Common Pleas. The Clerk shall remove ECF Nos. 12, 25, and 26 from the Civil Justice Reform Act Motions Report.

      **IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**